D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
**ROSS QUIRKE on behalf of himelf and others similarly situated,**

                **Plaintiff,**

     v.

**LYNBROOK 5 INC. d/b/a JOHNNY McGOREY'S LYNBROOK, JFMB REST. INC. d/b/a McGOREY'S MASSAPEQUA, and DAVE BAKER, MARY BAKER, and JOANNE FONTAINE,**

                **Defendants.**
-------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Lynbrook 5, Inc. d/b/a McGorey's, is a New York corporation that owns and operates McGorey's pub in Massapequa, NY.

4. Defendant JFMB Rest, Inc. d/b/a Johnny McGorey's, is a New York corporation that owns and operates Johnny McGorey's pub in Lynbrook, NY.

5. Defendants Lynbrook 5, Inc. and JFMB Rest, Inc. are collectively referred to as the "Corporate Defendants."

6. Upon information and belief, at all relevant times each Corporate Defendant's annual gross volume of sales has exceeded $500,000.

7. Each Corporate Defendant has employees engaged in commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person.

8. Plaintiff Ross Quirke resides in New York. Plaintiff worked for Defendants as a server at Johnny McGorey's from May 2024 through July 2024.

9. Defendant Dave Baker is a part owner of both Corporate Defendants.

10. Defendant Dave Baker actively manages both pub locations and is frequently present at both locations to oversee the general affairs. While at the pubs he regularly meets with the general managers to discuss day-to-day management issues.

11. Defendant Dave Baker was responsible for Plaintiff's pay. He actively discussed with Plaintiff the payroll violations raised in this lawsuit and terminated Plaintiff's employment when Plaintiff complained.

12. Defendant Mary Baker is an owner of Johnny McGorey's. She is listed with the New York State liquor licensing authority as a principal of Johnny McGorey's. She is present periodically at both pubs to supervise their day-to-day affairs.

13. Defendant Joanne Fontaine is an owner and manager of McGorey's in Massapequa. She is regularly at the pub and has direct authority over its day-to-day affairs. She has and exercises authority to hire employees, set their rates of pay, and maintain payroll records. She is responsible for supervision of the servers and their work schedules.

14. As described above, the Corporate Defendants are managed by Defendant Dave Baker. Both locations share other management staff, such as Defendants Mary Baker and Joanne Fontaine. In addition, many service employees regularly work at both locations during the same weeks.

15. At all relevant times, Defendants constituted a single integrated employer and/or jointly employed Plaintiff and other employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants on or after the date that is three years before the filing of this Complaint ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

3

are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay minimum wage, overtime and illegally retaining their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants on or after the date that is six years before the filing of this Complaint (the "Class Period").

20. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

21. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the

precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

22. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of

individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, was and

is Defendants required to pay Plaintiff and the Class members for their work.

        c)        Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

        d)        Whether Plaintiff and the Class Members were properly paid for overtime.

        e)        Whether Defendants provided Plaintiff and Class members with the proper wage notices.

### FACTS

27. Plaintiff's Consent to Sue form is attached as Exhibit A.

28. Defendants committed the following alleged acts knowingly, intentionally and willfully.

29. Plaintiff worked four to six days per week throughout his employment.

30. His shifts typically lasted for 9 to 10 hours, from 7:00 pm to 4:00 or 5:00 am.

31. Plaintiff occasionally worked shifts that lasted at least 12 hours, from 2:00 pm to 2:00 am or later. This happened twice during Plaintiff's first week of employment.

32. Defendants paid Plaintiff paid $25 per day. Plaintiff also received tips.

33. Defendants did not pay Plaintiff the federal or state minimum wage for each hour he worked.

34. Defendants did not pay Plaintiff an overtime premium for the hours he worked in excess of 40 per week.

35. Defendants did not pay Plaintiff New York's "spread of hours" premium when his shifts lasted longer than 10 hours.

36. Defendants did not give Plaintiff a notice and acknowledgement of pay rate and payday at the beginning of his employment or at any point in his employment. As a result, Plaintiff

was not apprised of his correct hourly rate or the appropriate overtime rate at which he should have been paid, and Defendants are not entitled to a tip credit against his wages.

37. Defendants did not issue Plaintiff wage statements that listed his rate of pay, hours worked, and other information required by NYLL § 195. As a result, Plaintiff was not paid an hourly rate and does not have an actual record of his hour worked to determine how much he is owed.

38. Plaintiff has discussed these violations with several coworkers, some of whom work at McGorey's in Massapequa as well, and they have indicated that they are paid in the same illegal manner for work performed there.

39. Defendants committed the foregoing acts Plaintiff, the FLSA Collective and the Class Members.

40. In mid-July Plaintiff complained to Defendant Dave Baker about Defendants' failure to pay an hourly and/or overtime wage and failure to issue proper wage statements.

41. Less than two weeks later, Defendant Dave Baker terminated Plaintiff's employment in retaliation for his complaints.

42. As a result, Plaintiff has suffered emotional distress and financial loss.

**FIRST CLAIM FOR RELIEF**
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*
Brought by Plaintiff on Behalf of Himself
and the FLSA Collective Plaintiffs)**

43. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

44. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the

meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff.

45. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

46. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek sdamages in the amount of their unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**

47. Plaintiff realleges and incorporate by reference all previous paragraphs.

48. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

49. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members that appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

50. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

51. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*
Brought by Plaintiff on Behalf of Himself and the Class)**

52. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53. Defendants knowingly paid Plaintiff and the Class members less than the New York State minimum wage.

54. Defendants did not pay Plaintiff and the Class members the New York minimum wage for all hours worked.

55. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## FOURTH CLAIM FOR RELIEF
**(New York Overtime Violations,
N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4
Brought by Plaintiff on Behalf of Himself and the Class)**

56. Plaintiff realleges and incorporates by reference all previous paragraphs.

57. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

58. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

59. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(New York Notice Requirements,**
**N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Himself and the Class)**

60. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

61. Defendants did not provide Plaintiff and the members of the Class with the notices/statements required by N.Y. Lab. Law § 195. For example, Defendants did not give Plaintiff or members of the Class any notices regarding their pay rates, and the paystubs for Plaintiff and members of the Class did not accurately reflect all the required information.

62. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**(New York Spread of Hours Violations,**
**N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. &**
**Regs. tit. 12, § 146-1.6)**
**Brought by Plaintiff on Behalf of Himself and the Class)**

63. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

64. Plaintiff and the Class members regularly had workdays that lasted more than ten (10) hours.

65. Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

66. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SEVENTH CLAIM FOR RELEIF**
**(FLSA Retaliation, 29 U.S.C. § 215)**
**(Brought by Plaintiff on Behalf of Himself)**

67. Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

68. Defendants willfully and unlawfully retaliated against Plaintiff for his engagement in protected activities, namely his complaint regarding Defendants' illegal wage practices.

69. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

70. As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, liquidated damages, punitive damages, front pay, attorneys' fees, costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELEIF
### (NYLL Retaliation, N.Y. Lab. L. § 215)
### (Brought by Plaintiff on Behalf of Himself)

71. Plaintiff incorporates and realleges each preceding paragraph as though set forth in full herein.

72. Defendants willfully and unlawfully retaliated against Plaintiff for his engagement in protected activities, namely his complaint regarding Defendants' illegal wage practices.

73. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights.

74. As a result of Defendants' unlawful conduct, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages and emotional distress, liquidated damages, punitive damages, front pay, attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## NINTH CLAIM FOR RELIEF
### (NYLL § 740 – Retaliation)
### (Brought by Plaintiff on Behalf of Himself)

75. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

76. In violation of the NYLL, Defendant intentionally retaliated against Plaintiff because he complained about Defendants' illegal wage practices.

77. Defendant's conduct was intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of Plaintiff's rights.

78. As a result of Defendant's conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings, and other financial loss, as well as suffering humiliation, embarrassment, emotional distress, and mental anguish.

79. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to emotional distress, lasting embarrassment, and humiliation.

80. Plaintiff seeks all legal and equitable remedies available for violations of NYLL § 740, including compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.  Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.  Designation of this action as a class action pursuant to F.R.C.P. 23.

D.  Designation of Plaintiff as Representative of the Class.

E.  An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.  Penalties available under applicable laws;

G.  Costs of action incurred herein, including expert fees;

    H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

    I.    Pre-judgment and post-judgment interest, as provided by law; and

    J.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
       August 9, 2024

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum  
     D. Maimon Kirschenbaum  
     32 Broadway, Suite 601  
     New York, NY 10004  
     Tel: (212) 688-5640  
     Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.