# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas Buzzard
Leah Seliger
Michael DiGiulio

32 Broadway, Suite 601
New York, NY 10004
Tel: 212-688-5640
Fax: 212-688-2548
www.jk-llp.com

November 25, 2024

**VIA ECF**

Honorable Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York

Re: *Quirke, et al, v. Lynbrook 5 Inc. d/b/a Johnny McGorey's Lynbrook, et al*, 24-cv-5585 (RML)

Dear Judge Levy:

We represent Plaintiff in the above-referenced matter. In advance of the November 26, 2024 initial conference in this matter, we write to address an issue that has arisen with respect to the scope of discovery in this matter. Specifically, at the Parties Rule 26(f) conference, Defendants indicated that do not intend to provide discovery relating to Plaintiff's allegations that the two named corporate Defendants are a single, integrated employer and are thus equally responsible for the FLSA violations that Plaintiff alleges. As discussed below, such discovery is plainly appropriate. We respectfully request that at the initial conference, the Court clarify that Plaintiff is entitled to such discovery.

In his Complaint, Plaintiff alleges that Defendant Lynbrook 5, Inc. d/b/a McGorey's ("McGorey's Lynbrook") and Defendant JFMB Rest, Inc. d/b/a McGorey's ("McGorey's Massapequa," and together with McGorey's Lynbrook, the "Corporate Defendants"), constitute a single integrated employer under the Fair Labor Standards Act and New York Labor Law. *See* Dkt. No. 1 at 15. Plaintiff, who alleges various violations of the FLSA and NYLL, worked at the Lynbrook location. He named McGorey's Massapequa as Defendant as well because they constitute a single, integrated employer for the purposes of the FLSA/NYLL. For example, Plaintiff alleges that Defendant Dave Baker is a part owner of both Corporate Defendants and that he actively operates both Corporate Defendants. *Id*. at 10. Plaintiff further alleges that the Corporate Defendants shared employees and some of these employees confirmed that the pay practices at McGorey's Lynbrook mirrored those of McGorey's Massapequa. *Id*. at 14. (Moreover, since filing the complaint Plaintiff has also confirmed that McGorey's Lynbrook's storefront sign states "McGorey's" and "Est. 1999." *See* Exhibit A. Given that the Lynbrook location only

commenced operating earlier this year, it is clear that Defendants hold out to the public the Lynbrook location is part of one enterprise together with the Massapequa location.)

On November 4, 2024, the Parties met and conferred pursuant to Fed. R. Civ. P. Rule 26(f). At that conference, the parties discussed the scope of discovery in this case. Plaintiff informed Defendants' counsel that he will seek discovery concerning the relationship between the two Corporate Defendants including, among other things, their ownership structure, organizational structure, labor relations and policies, payroll policies, management structure and finances. *See, e.g., Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014) (Courts determine whether multiple entities may be considered a single employer under this theory by considering four factors: "(1) interrelationof operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.")  In response, Defendants indicated that they would not produce such information since Plaintiff only worked at the McGorey's Lynbrook location and they deny that there is any relation with the corporations.

Fed. R. Civ. P. 26 provides that

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,  considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Here, there is no question that Plaintiff alleges that the Corporate Defendants are integrated and thus were both his employer. Thus, the anticipated discovery is highly relevant to Plaintiff's allegations, and Defendants should be required to respond to and produce discovery on this issue. Se*e, e.g., United States EEOC v. Birchez Assocs., LLC*, No. 1:19-CV-810 (LEK/DJS), 2021 U.S. Dist. LEXIS 55205, at *9 (N.D.N.Y. Mar. 24, 2021) (requests for information concerning "Defendants' business organization and legal structure, properties owned, and their access to offices owned or shared by related entities are clearly relevant to the claim […] that Defendants were an integrated enterprise.")

We thank the Court for its attention to this matter and look forward to discussing this issue at the initial conference.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

     s/ *Josef Nussbaum*
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)

149113865.1 2